IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DEMARQUSA HENDERSON, #2117365 | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv371 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF TRANSFER

Petitioner DeMarqusa Henderson, an inmate confined at the Choice Moore Unit of the Texas

prison system, proceeding *pro se,* brings this petition for a writ of habeas corpus challenging his

conviction pursuant to 28 U.S.C. § 2254.  Petitioner is in custody pursuant to a Harrison County

conviction for the offense of possession of a controlled substance.

The law governing the proper venue for a petition for a writ of habeas corpus filed by an

inmate in state custody is 28 U.S.C. § 2241(d), which states the following:

> Where an application for a writ of habeas corpus is made by a person in custody under the
> judgment and sentence of a State court of a State which contains two or more Federal judicial
> districts, the application may be filed in the district court for the district wherein such person
> is in custody or in the district court for the district within which the State court was held which
> convicted and sentenced him and each of such district courts shall have concurrent jurisdiction
> to entertain the application.  The district court for the district wherein such an application is
> filed in the exercise of its discretion and in furtherance of justice may transfer the application
> to the other district court for hearing and determination.

*See Wadsworth v.* Johnson, 235 F.3d 959 (5th Cir. 2000).  Within the context of § 2241(d), courts have

traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the

district court for the district within which the State court was held which convicted and sentenced the

petitioner, while challenges to the implementation of the sentence, such as prison disciplinary matters,

should be considered in the district court for the district where such person is in custody.  *See, e.g.,*

*King v. Lynaugh*, 729 F.Supp. 57 (W.D. Tex. 1990).  The Fifth Circuit explained the basis for choice

of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas petitions in the district where they are confined or where they were they were convicted.  The purpose of this, of course, is to provide a more convenient forum for witnesses. . . .  Section 2241(d) militates in favor of filing the applicant's petition in . . . the division where the witnesses are located, rather than in . . . the division in which the applicant is confined.

*Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970).  The Fifth Circuit made it clear that the

purpose of the statute is to provide a more convenient forum for witnesses.

In the present case, Petitioner is confined at the Choice Moore Unit in Bonham, Texas, which

is in the Sherman Division.  He was convicted in Harrison County.  All of his grounds for relief relate

to his Harrison County conviction.  The pertinent witnesses are located there.  The most appropriate

venue in this matter lies in the Eastern District of Texas, Marshall Division.  28 U.S.C. § 124(c)(4).

Section 2241(d) permits the district court where a petition is filed to transfer the case to the appropriate

court where it could have been filed, which in this case is the district within which the state court was

held which convicted and sentenced Petitioner.  Therefore, the petition should be transferred to the

Eastern District of Texas, Marshall Division.  It is accordingly

**ORDERED** that the petition is **TRANSFERRED** to the Eastern District of Texas, Marshall

Division.  28 U.S.C. § 2241(d) and Local Order 95-2.  The Clerk of Court shall transfer the case

forthwith and without delay.

**SIGNED this 7th day of June, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE